# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6870 PA (JCGx) | Date | March 29, 2011 |
|---|---|---|---|
| Title | Phillip Baranchik, et al. v. City of Redondo Beach, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | | |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**   ORDER TO SHOW CAUSE

The Court is in receipt of a First Amended Complaint ("FAC") filed by plaintiffs Phillip Baranchik, Tiffeney Baranchik, and Eric Baranchik (collectively "Plaintiffs").  Plaintiffs have sued defendants the City of Redondo Beach, W. Joseph Leonardi, Mario Fizulich, Phillip Ho, Ellen Tumbocon, John Anderson, Sgt. Roddy Contreras, Regina Flores, and Sharon Rose (collectively "Defendants") for violations of their civil rights pursuant to 42 U.S.C. § 1983.

According to the FAC, Plaintiffs were walking home from the Redondo Beach Pier when Phillip[1] was detained by defendant Fizulich and ordered to kneel on a nearby bike path.  Fizulich was joined by defendants Ho and Tumbocon.  Eric approached the officers to ask what was going on, and was tasered by Ho.  Tiffeney then approached to ask why Eric had been tasered, and was tasered herself by Tumbocon.  Tiffeney and Eric were taken to the emergency room for treatment of their injuries, and then to the Redondo Beach Police Department jail.  At the jail Tiffeney was violently thrown onto the floor of a cell by defendants Anderson, Contreras, and Flores.  The FAC alleges that, in order to cover up this wrongdoing defendants Anderson, Contreras, Fizulich, Flores, and Rose conspired to falsely accuse and book Tiffeney for slicing the floor padding of her cell in violation of California Penal Code § 4600.  Tiffeney was charged and eventually acquitted for violating § 4600.  Based on these allegations Plaintiffs bring, among others, claims for excessive force, malicious prosecution, and conspiracy on behalf of Tiffeney.  Tiffeney's claim for excessive force is based on being tasered, whereas her claims for malicious prosecution and conspiracy are based on the false accusations of a § 4600 violation.  Eric has also brought a claim for excessive force based on being tasered, and Phillip has brought a claim for false arrest based on his detention by the bike path.[2]

---

[1]   To avoid confusion the Court refers to the Plaintiffs by their first names.

[2]   Tiffeney and Eric also brought malicious prosecution and conspiracy claims based on false accusations of having violated California Penal Code § 647(f), disorderly conduct while intoxicated, and § 243(b), battery on a police officer, during their interaction with the officers on the bike path.  The Court has dismissed these claims without prejudice in a separate minute order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6870 PA (JCGx) | Date | March 29, 2011 |
|---|---|---|---|
| Title | Phillip Baranchik, et al. v. City of Redondo Beach, et al. | | |

Federal Rule of Civil Procedure 20(a), which allows for permissive joinder, provides:

> (2) Defendants. Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. Proc. 20(a); see also League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

Based on the factual allegations in the Complaint, it does not appear that there is a question of fact or law common to all Defendants. Nor is it clear that Plaintiffs' claims against Defendants arise out of the same transaction or occurrence. Rather, it appears that Tiffeney's claims for malicious prosecution and conspiracy are based on a different occurrence and against a different set of Defendants than the remaining claims asserted by Plaintiffs. The Court therefore orders Plaintiffs to show cause in writing, no later than April 19, 2011, why one or more parties should not be dropped from this case for improper joinder. See Fed. R. Civ. P. 18, 20, 21; see also Coughlin, 130 F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court.").

In response to this Order to Show Cause, Plaintiffs may, if they so choose, file separate actions against Defendants, with new complaints and filing fees.

IT IS SO ORDERED.